J-S13002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELLIOT HARMON | : | |
| | : | |
| Appellant | : | No. 1655 EDA 2025 |

Appeal from the Judgment of Sentence Entered February 12, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008322-2023

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JULY 9, 2026**

Elliot Harmon appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he pleaded guilty to third-degree murder, carrying a firearm in public in Philadelphia, and possessing an instrument of crime ("PIC").[1] Harmon challenges the denial of his presentence motion to withdraw his guilty plea. After careful consideration, we affirm.

The trial court summarized the facts underlying Harmon's guilty plea as follows:

> On September 16, 2023, at 1:00 AM, police responded to reports of a shooting at 4501 North Carlisle Street[ in] Philadelphia[.] At the scene of the shooting, police recovered surveillance video which depicted [Destine] Whitfield [("Victim")] and his girlfriend pulling up to 4501 North Carlisle Street to verify the wellbeing of their friend, [Harmon's] child's mother. When they arrived, [Victim] and his girlfriend saw their friend's car parked outside

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 6108, and 907(a), respectively.

J-S13002-26

with the engine running and the door open. Upon [observing] this concerning scene, [Victim] and his girlfriend walked into [Harmon's] house to see what was going on.

Once inside, an altercation broke out and [Harmon] and [Victim] began pushing each other around. [Eventually, Victim] and his girlfriend began leaving the house with their friend in tow. However, [Harmon] barged out of the house with a firearm in his hand and repeatedly shot directly at [Victim], while he was attempting to get into his vehicle. Despite being shot, [Victim] managed to start driving [] but later crashed a few blocks away.

During their investigation, police recovered twelve 9mm fired cartridge casings from the scene and determined that [Harmon] did not possess a license to carry a firearm. Further, police located [Victim's] Chevy Tahoe which had crashed into a telephone pole not far from the original scene. Inside of the crashed vehicle was [Victim], who was suffering from multiple gunshot wounds to the chest, abdomen, and legs. Once discovered, police transported [Victim] to Jefferson Einstein Hospital, where he was later pronounced dead.

Trial Court Opinion, 8/15/25, at 3-4 (record citations omitted).

On November 15, 2024, three days before Harmon's trial was scheduled to begin, Harmon entered an open guilty plea to the above offenses. Prior to entering his plea, the court informed Harmon that he had a prior record score of one, the offense gravity score was 14, and his guideline sentencing range was "102 months to the statutory limit." N.T. Guilty Plea, 11/15/24, at 8. The court accepted Harmon's plea and deferred sentencing to a later date.

On February 12, 2025, the court held Harmon's sentencing hearing. Upon reviewing the presentence investigation report, the court discovered that Harmon had a prior record score of three, instead of one as the court had previously stated at Harmon's plea hearing. *See* N.T. Sentencing, 2/12/25, at

6. Harmon disputed this discrepancy in his prior record score and sought to withdraw his plea, indicating that he would prefer to go to trial than proceed to sentencing with a prior record score of three. *See id.* at 7. Following an off the record discussion, the parties stipulated to proceeding with Harmon's sentencing on a prior record score of one. *See id.* at 8, 16. However, Harmon also indicated, for the first time, that he was seeking to withdraw his plea on the basis that he acted in self-defense. *See id.* at 9. The court denied Harmon's motion to withdraw and imposed an aggregate sentence of 16 to 32 years' imprisonment.[2] *See id.* at 16, 50. Harmon filed a motion for reconsideration, which was denied by operation of law on June 12, 2025. Harmon timely filed a notice of appeal. Both Harmon and the trial court have complied with Rule 1925. *See* Pa.R.A.P. 1925(a), (b).

On appeal, Harmon raises the following issues for our review:

I. Whether the trial court erred and abused its discretion by denying [Harmon's] pre-sentence motion to withdraw the guilty plea, where he satisfied the two conditions necessary for withdrawal.

II. Whether the trial court erred and abused its discretion by denying [Harmon's] pre-sentence motion to withdraw the guilty plea, where, because he was misinformed about the sentencing exposure, the plea was not voluntarily, knowingly, and intelligently entered.

---

[2] Specifically, the court imposed a sentence of 15 to 30 years on the count of third-degree murder, a consecutive sentence of 1 to 2 years on the count of carrying a firearm in public in Philadelphia, no further penalty on the count of PIC, and restitution in the amount of $6,500.

Appellant's Brief, at 3 (formatting altered; trial court answers omitted).

In each issue, Harmon challenges the trial court's denial of his presentence motion to withdraw his guilty plea. Our Rules of Criminal Procedure provide: "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). Accordingly, we review a trial court's denial of a presentence motion to withdraw a guilty plea for an abuse of discretion. ***See Commonwealth v. Jamison***, 284 A.3d 501, 504 (Pa. Super. 2022).

Although "[t]rial courts must construe [presentence] motions to withdraw pleas liberally in favor of the accused," a defendant's "right to withdraw a guilty plea is not absolute." ***Commonwealth v. Kapellusch***, 323 A.3d 837, 848-49 (Pa. Super. 2024) (citations omitted). As this Court has explained, a trial court should "permit withdrawal of [a] plea if two conditions are present: 1) the defendant demonstrates a fair and just reason for withdrawing the plea and 2) it is not shown that withdrawal of the plea would cause substantial prejudice to the Commonwealth." ***Jamison***, 284 A.3d at 505 (citations omitted).

In his first issue, Harmon avers that he demonstrated a fair and just reason for granting his motion to withdraw because he presented a plausible claim of innocence. ***See*** Appellant's Brief, at 13.

A plausible claim of innocence, supported by some facts or evidence in the record, constitutes a fair and just reason for allowing pre-sentence withdrawal of a guilty plea. Where, however, the defendant merely makes a bare assertion that he is innocent without any proffer of any supporting basis for that claim, the trial court in its discretion may deny withdrawal on the ground that the defendant has not shown a fair and just reason for withdrawal of the plea.

*Jamison*, 284 A.3d at 505 (citations omitted). "More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Kapellusch*, 323 A.3d at 849 (citation omitted). In this context, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Id.* (citation omitted).

Harmon contends that his motion to withdraw was based on more than a bare assertion of innocence because he presented "evidence and facts to explain why he was innocent[.]" Appellant's Brief, at 13. Specifically, Harmon maintains that he presented evidence that he acted in self-defense during his confrontation with Victim, where he: (1) "challenged the video evidence[ by] stating that the Commonwealth's presentation was incomplete[;]" (2) "asserted that [Victim] and his girlfriend came to his home, attacked him, and threatened to kill him[;]" and (3) "indicated that he gave plea counsel photos showing a bloody gash on his head and an injured lip that swelled three times

its normal size." *Id.* (internal quotation marks and record citations omitted). We disagree.

Harmon failed to present the court with any evidence of self-defense to support his motion to withdraw his plea and instead made a bare assertion of innocence. *See* N.T. Sentencing, 2/12/25, at 9; *Jamison*, 284 A.3d at 505. While Harmon maintains that he presented the above evidence to support his claim, this representation is disingenuous. Our review of the record confirms that Harmon only referenced this purported evidence when testifying on his own behalf prior to the court's imposition of his sentence, not prior to the court's ruling on his motion to withdraw his plea, as he suggests in his brief. *See* N.T. Sentencing, 2/12/25, at 37-47; Appellant's Brief, at 12-13. Moreover, Harmon's self-defense claim is not plausible. *See Kapellusch*, 323 A.3d at 849. As the court explained:

> [Harmon's] claim of self-defense is belied by record in this case[,] and [he] has not disputed the factual basis of his plea. [Harmon] acknowledged that there was an altercation in the house, but that [Victim] had subsequently left the property. After [Victim left] the property, [Harmon] admitted that [he] chose to arm himself with a gun and follow [Victim] out of his home. Once outside, [Harmon] began repeatedly shooting [Victim], while [Victim] was getting in his car and driving away. [Victim], while being shot, managed to start driving away from the shooting, but only made it a few blocks[.] Despite this factual history, [Harmon] maintains that he is innocent through self-defense.

Trial Court Opinion, 8/15/25, at 8 (quotation marks, citations, and brackets omitted). Thus, we discern no error or abuse of discretion by the trial court in denying Harmon's motion to withdraw his guilty plea where he failed to

present a fair and just reason to support withdrawal of his plea. *See Jamison*, 284 A.3d at 505. Accordingly, Harmon's first issue does not merit relief.

In his second issue, Harmon avers that the trial court erred and abused its discretion in denying his motion to withdraw his guilty plea because his plea was not knowingly, intelligently, and voluntarily entered, where the court "misinformed him about his prior record score and the corresponding sentencing exposure" at his plea hearing. Appellant's Brief, at 8. Harmon contends that this error rendered his plea constitutionally invalid because "he lacked an accurate understanding of the plea's consequences[.]" *Id.* We disagree.

"In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea." *Commonwealth v. Gabra*, 336 A.3d 1052, 1057 (Pa. Super. 2025) (citation omitted).

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements made when he pled.

*Id.* at 1057 (citation omitted).

Our review of the record reveals no basis to support a finding that Harmon's guilty plea was not knowingly, intelligently, and voluntarily entered. On the day that Harmon entered his plea, he completed a written guilty plea

- 7 -

colloquy with the assistance of counsel. **See** Guilty Plea Colloquy, 11/15/24. Furthermore, at his plea hearing, the court conducted an oral plea colloquy on the record. **See** N.T. Guilty Plea, 11/15/24, at 4-20. During his oral plea colloquy, Harmon confirmed that he reviewed the written colloquy with his attorney, understood everything in the document, and signed and initialed the document. **See id.** at 8. Harmon also confirmed that he was entering his plea knowingly, intelligently, and voluntarily. **See id.** at 11. Furthermore, the court reviewed the nature of Harmon's charges, the factual basis of his plea, his right to a trial by jury and the presumption of innocence, and the permissible range of sentences. **See id.** at 6-8, 18-19, 12-16, 9-10.

Although Harmon was misinformed that he had a prior record score of one at his plea hearing, the parties stipulated at his sentencing hearing that Harmon would be sentenced as though he had a prior record score of one. **See** N.T. Sentencing, 2/12/25, at 8, 16. The court proceeded to sentence Harmon based on a prior record score of one, in accordance with the terms that Harmon agreed to when he entered his plea. **See id.** at 49. Therefore, we discern no error or abuse of discretion by the trial court in denying Harmon's motion to withdraw his guilty plea. Accordingly, Harmon's second issue does not merit relief.

Based on the foregoing, Harmon is not entitled to his requested relief, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/9/2026